# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA ANGLIN,<br><br>  Plaintiff,<br><br>  v.<br><br>WEST SIDE HEALTH CARD DISTRICT and EMERGENCY MEDICAL SERVICES GROUP,<br><br>  Defendants. | Case No.: 1:15-cv-0027 -JLT<br><br>ORDER TO PLAINTIFF TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDER |

On January 4, 2016, the Court signed the parties' proposed consent decree. (Doc. 29) The consent decree resolved all matters except for "the amount of Plaintiff's claims for damages or the amount of attorneys' fees, litigation expenses and costs in this Action." (*Id.* at 4) The Court ordered the parties to notify the Court, no later than January 18, 2016, if they still desired to participate in the settlement conference set on February 4, 2016. (*Id.* at 6) This did not occur. Accordingly, the Court ordered Plaintiff to file any motion related to these issues no later than March 18, 2016. (Doc. 30) To date, Plaintiff has not done so, and has not taken any further action to prosecute the matter.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions

including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to prosecute and comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause within 14 days of the date of service of this Order why the action should not be dismissed for her failure to prosecute and failure comply with the Court's order or, within the same time period, to file a motion for damages .

IT IS SO ORDERED.

Dated:   **April 12, 2016**                             /s/ Jennifer L. Thurston
                                                                 UNITED STATES MAGISTRATE JUDGE