1

2

3

4

5

6

7

8                            **UNITED STATES DISTRICT COURT**

9                            **EASTERN DISTRICT OF CALIFORNIA**

10

11   DEBRA ANGLIN,                          )   Case No.: 1:15-cv-00027 -JLT
                                            )
12              Plaintiff,                  )   ORDER TO THE PARTIES TO SHOW CAUSE
                                            )   WHY SANCTIONS SHOULD NOT BE
13        v.                                )   IMPOSED FOR THEIR FAILURE TO COMPLY
                                            )   WITH THE COURT'S ORDER
14   WEST SIDE HEALTH CARD DISTRICT and     )
     EMERGENCY MEDICAL SERVICES             )
15   GROUP,                                 )
                                            )
16              Defendants.                 )
                                            )
17   _____)

18        On January 4, 2016, the Court signed the parties' proposed consent decree. (Doc. 29)  The

19   consent decree resolved all matters except for "the amount of Plaintiff's claims for damages or the

20   amount of attorneys' fees, litigation expenses and costs in this Action."  (*Id.* at 4)  On April 26, 2016,

21   Plaintiff informed the Court that that the parties agreed to engage in mediation but did not have a date

22   scheduled for the mediation to occur.  (Doc. 32)  Accordingly, the Court ordered the parties to file a

23   joint status report "**[n]o later than May 27, 2016 and every 60 days thereafter**" related to the

24   mediation proceedings.  (Doc. 33 at 2, emphasis in original)  To date, the parties have failed to file a

25   status report or otherwise comply with the Court's order.

26        The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a

27   party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any

28   and all sanctions . . . within the inherent power of the Court."  Local Rule 110.  "District courts have

                                              1

1    inherent power to control their dockets," and in exercising that power, a court may impose sanctions

2    including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831

3    (9th Cir. 1986).  A court may impose sanctions for based on a party's failure to prosecute an action or

4    failure to obey a court order, or failure to comply with local rules.  *See, e.g. Ferdik v. Bonzelet*, 963

5    F.2d 1258, 1260-61 (9th Cir. 1992) (imposing sanctions for failure to prosecute and comply with an

6    order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (imposing sanctions for

7    failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)

8    (sanctioning the party for failure to prosecute and to comply with local rules).

9            Accordingly, within seven days, the parties **SHALL** show cause in writing why the action

10   should not be dismissed and/or the answer stricken and default entered for their failure comply with

11   the Court's order or, in the alternative, to file a joint status report regarding the mediation proceedings.

12

13   IT IS SO ORDERED.

14       Dated:    **June 2, 2016**                          **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

27

28

2