**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEBRA ANGLIN,<br><br>    Plaintiff,<br><br>    v.<br><br>WEST SIDE HEALTH CARE DISTRICT and EMERGENCY MEDIAL SERVICES GROUP,<br><br>    Defendants. | Case No.: 1:15-cv-0027 - JLT<br><br>ORDER DISMISSING THE ACTION FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDERS |

Plaintiff Debra Anglin asserts Defendants are liable for violations of the Americans with Disabilities Act, California's Unruh Civil Rights Act, and California's Disabled Person's Act. (Doc. 1) Because Plaintiff has failed to prosecute the matter and failed to comply with the Court's orders, as discussed below, the complaint is **DISMISSED** with prejudice.

**I.    Relevant Background**

On January 4, 2016, the Court signed the parties' proposed consent decree. (Doc. 29.) The consent decree resolved all matters except for "the amount of Plaintiff's claims for damages or the amount of attorneys' fees, litigation expenses and costs in this Action." (*Id.* at 4.) On April 26, 2016, Plaintiff informed the Court that the parties agreed to engage in mediation but did not have a date scheduled for the mediation to occur. (Doc. 32.) Accordingly, the Court ordered the parties to file a joint status report "[n]o later than May 27, 2016 and every 60 days thereafter" related to the mediation

proceedings, including information regarding the scheduled mediation. (Doc. 33 at 2, emphasis omitted.)

The parties failed to file a status report or otherwise comply with the Court's order, and the Court issued an order to show cause directing the parties to file a joint status report regarding the mediation proceedings. (Doc. 34) In response, the parties filed a Joint Status Report indicating they "still intend to complete mediation with mediator Lee Jacobson," but the mediation was not yet set. (Doc. 35 at 1) Instead, the parties indicated they planned to "follow[] up with Mr. Jacobson's case manager and aim to have a date confirmed." (*Id.*)

Given delay in seeking the resolution, despite notifying the Court in January that the consent decree resolved all matters except for the amount of damages, fees, and expenses to be paid, the Court again ordered the parties "to show cause … as to why the matter should not be dismissed." (Doc. 36 at 2) However, the parties did not respond to the Court's order, and Plaintiff has not taken any further action to prosecute the matter.

**II.    Failure to Prosecute and Obey the Court's Orders**

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**III.    Discussion and Analysis**

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: "(1) the public's interest in expeditious

resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants).  Judges in the Eastern District of California carry the heaviest caseload in the nation, and this Court cannot, and will not hold, this action in abeyance given Plaintiff's failure to comply with the Court's orders and failure to prosecute. The risk of prejudice to the defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution and resolution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

Significantly, the Ninth Circuit determined a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the requirement that less drastic sanctions be considered. *Malone*, 833 F.2d at 131; *see also Ferdik*, 963 F.2d at 1262.  As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by a sanction of dismissal "in response to willful violation of a [court] order." *Malone*, 833 F.2d at 133.  Here, Plaintiff was first warned the "court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order" on April 13, 2016.  (Doc. 31 at 2)  Plaintiff was again reminded the failure to comply with the Court's orders could result sanctions, including the dismissal of the action in the orders to show cause dated June 7, 2016 (Doc. 34 at 1-2) and July 14, 2016 (Doc. 36 at 2).  Thus, Plaintiff received adequate warning that dismissal would result from her noncompliance with the Court's orders, which satisfies the Court's obligation to consider lesser sanctions. *See Malone*, 833 F.2d at 131.  Given these facts, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

///

**IV.     Conclusion and Order**

Plaintiff failed to comply with, or otherwise respond to, the Court's second order to show cause dated July 14, 2016 (Doc. 36).  Consequently, Plaintiff also failed to continue the prosecution of this action.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. This action is **DISMISSED with prejudice**; and
2. The Clerk of Court is DIRECTED to close the action.

IT IS SO ORDERED.

Dated:   **July 27, 2016**                              /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE

4